IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

BEACON MARITIME, INC., *et al.*, )
    Plaintiffs, )
     )
v. ) CIVIL ACTION NO. 1:19-00336-N
     )
HEAVY LIFT VB-10,000, *her engines,* )
*tackle, and apparel, in rem, et al.*, )
    Defendants. )

## ORDER TRANSFERRING VENUE

This action is before the Court on the "Unopposed Motion to Transfer Venue of this Lawsuit from the United States District Court for the Southern District of Alabama to the United States District Court for the Southern District of Texas, Houston Division, and Brief of Authorities" (Doc. 29) filed by the Plaintiffs, Beacon Maritime, Inc. and Better Gold Enterprises, LLC.[1] The Plaintiffs request that this

---

[1] Under S.D. Ala. GenLR 73(c) and 28 U.S.C. § 636(c), this case has been randomly assigned to the undersigned Magistrate Judge for all purposes, as set out in the "Notice of Assignment to United States Magistrate Judge for Trial" entered July 9, 2019 (Doc. 6). The Notice of Assignment makes clear that the parties "have the right to have this action reassigned to a United States District Judge for trial and disposition," and the first Notice of Assignment states that "[a]ny party may request reassignment by" confidentially emailing the Clerk of Court a "Request for Reassignment to a United States District Judge." *See also* S.D. Ala. GenLR 73(c)(3) ("Prior to formal reference…, any party to a referred action may obtain reassignment to a District Judge by sending the Clerk a Request for Reassignment to a United States District Judge for Trial and Disposition."). Inasmuch as no party, to date, has sent the Clerk of Court a Request for Reassignment, there presently exists implicit consent to the undersigned conducting all proceedings in this case, including ruling on the present motion to transfer venue. *See Chambless v. Louisiana-Pac. Corp.*, 481 F.3d 1345, 1350 (11th Cir. 2007) ("[T]he Supreme Court held in *Roell v. Withrow*, 538 U.S. 580, 123 S. Ct. 1696, 155 L. Ed. 2d 775 (2003), that consent to a magistrate judge's jurisdiction can be inferred from a party's conduct during litigation. *Id.* at 582, 123 S. Ct. 1696. The Court refused to adopt a bright-line rule requiring express consent, instead accepting implied consent 'where … the litigant or

Court order the transfer of this civil action to the Houston Division of the U.S. District Court for the Southern District of Texas[2] under 28 U.S.C. § 1404(a). Though no defendant has yet entered an appearance in this action, the Plaintiffs represent that they have spoken with an attorney for the Defendants in Houston, Texas,[3] who "advises that the Defendants have their principal office in Houston, Texas and that the company witnesses on behalf of Defendants are located in Houston[,]" and "requested that Plaintiffs agree to voluntarily transfer this case to the United States District Court, Southern District of Texas, Houston Division for the convenience of the parties and witnesses…" (Doc. 29 at 2). The Plaintiffs advise that they "have agreed to the transfer in the interest of expediency and to avoid protracted motion practice on the subject of venue." (*Id.* at 3).

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Upon consideration of the representations in the present motion (Doc. 29), the undersigned finds that transfer of this civil action to the Houston Division of the U.S. District Court for the Southern District of Texas, a

---

counsel was made aware of the need for consent and the right to refuse it, and still voluntarily appeared to try the case before the Magistrate Judge.' *Id.* at 589–90, 123 S. Ct. 1696.").

[2] *See* 28 U.S.C. § 124(b)(2).

[3] The Defendants are also alleged to own, operate, or otherwise control the *in rem* defendant vessel, which was previously arrested in this district through the issuance of a maritime warrant but has subsequently been ordered released from arrest by agreement of the parties. (*See* Docs. 2, 4, 11, 12).

district and division to which all parties have consented, is warranted for the convenience of the parties and witnesses, and is otherwise in the interest of justice. Accordingly, the Plaintiffs' unopposed motion to transfer venue (Doc. 29) is **GRANTED**, and this civil case is **ORDERED** to be **TRANSFERRED** from this Court to the U.S. District Court for the Southern District of Texas, Houston Division, under 28 U.S.C. § 1404(a). The Clerk of Court is **DIRECTED** to administratively close the above-styled action once transfer has been effected.

  **DONE** and **ORDERED** this the 13th day of September 2019.

           */s/ Katherine P. Nelson*
           **KATHERINE P. NELSON**
           **UNITED STATES MAGISTRATE JUDGE**